UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____ X

**Jon Q. Wright d/b/a  JQ Licensing, LLC**          :

    **Plaintiff,**          :          Case No.: 1:20-cv-01383

    v.          :

**Arcade Area Chamber of Commerce, Inc.**          :          **COMPLAINT FOR COPYRIGHT INFRINGEMENT**

              :

    **Defendant.**          :

              :

_____ X


## COMPLAINT

Plaintiff Jon Q. Wright, d/b/a JQ Licensing, LLC, ("JQW" or "Plaintiff") by and through its undersigned attorney, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. This action arises from Defendant's willful copyright infringement of two of Plaintiff's copyrighted and valuable illustrations of highly detailed depiction of a rainbow trout fish jumping out of the water, registered under U.S. Copyright Registration No. VA 1-153-915 (hereafter, "Rainbow Trout Illustration"), as well as an extraordinarily designed water/splash illustration element from another work, also registered under U.S. Copyright Registration No. VA 1-153-915 (hereafter "Bass Illustration") (both illustrations hereinafter collectively referred to as the "Works"). The Defendant willfully adapted copyrighted materials from both Works, subsequently using said material to advertise its fishing tournament known as the "Tri-County Trout Derby."

1

Plaintiff seeks to obtain injunctive relief against Defendant to stop its infringement and prevent any further unlawful copying and infringement of Plaintiff's Works. Inasmuch as Defendant's infringement has damaged Plaintiff's business and threatens to damage it further, Plaintiff also seeks injunctive relief, declaratory relief, and damages for the full amount of Plaintiff's losses, plus statutory damages, attorneys' fees, and costs pursuant to 17 U.S.C. § 504(c).

## THE PARTIES

2. Plaintiff Jon Q. Wright is an individual domiciled and residing in the State of Montana and author of various fish illustrations, including the subject Works, formally titled "Legend Series: Rainbow Trout" and "Legend Series: Bass," shown *infra*.

3. Wright is the author and owner of both of the subject Works.

4. Wright is a member of JQ Licensing LLC, a limited liability company duly formed under the laws of the State of Minnesota and registered in the State of Montana as a foreign limited liability company (hereafter, "JQ Licensing"). Wright licenses his artwork exclusively through JQ Licensing.

5. Defendant Arcade Area Chamber of Commerce, Inc., is a domestic not-for-profit corporation organized under the laws of the State of New York with its principal place of business located at 228 Main Street, Arcade New York 14009 and is a regional chamber of commerce, ("Arcade CoC" or "Defendant").

## JURISDICTION AND VENUE

6. Defendant Arcade CoC unlawfully adapted, reproduced, and displayed the copyrighted Works on marketing and advertising materials without obtaining permission from Plaintiff in violation of the Copyright Act, 17 U.S.C. § 501.

7. This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended).

8. This Court has subject matter jurisdiction over Plaintiff's copyright infringement claims under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended) and 28 U.S.C. §§ 1331 and 1338.

9. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1440 in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and it is the district wherein the Defendant can be found.

## FACTS COMMON TO ALL CLAIMS

10. In 2001, Plaintiff authored several fish designs, including without limitation, the Rainbow Trout Illustration and the Bass Illustration, the works that are the subject of this litigation. These works of art consist of two distinctive, and highly detailed depictions of fish jumping from the water. Images of the Works are shown directly below. On the left side is the Rainbow Trout Illustration, while on the right is the Bass Illustration.



11. Plaintiff duly registered the illustrations with the U.S. Copyright Office under Registration No. VA 1-153-915, as a collection of illustrations of different species of fish, all authored by JQW ("Registration"). The Registration, entitled "Legend Series Artwork" has an effective date of June 1, 2001. A copy of the Registration with corresponding deposit materials is attached as **Exhibit A**.

12. JQW's practice of creating highly detailed and unique wildlife illustrations is an extraordinarily time-consuming process, involving a dizzying multiplicity of steps.

13. In order to create his detailed fish illustrations, including the Works at issue here, JQW first faces the laborious task of catching a trophy-sized specimen of the subject fish.

14. Once a trophy fish is caught, JQW takes detailed photographs, freezes, and then partially thaws the fish in order to mold the body into the desired position. He then impales the fish on a stake and captures a 360° perspective of the fish by taking a series of photographs.

15. Only then does JQW begin the sketching process, referring to the photographs to capture accurate scale, detail, positioning, coloring, and other visual aspects of the fish. He then painstakingly depicts the precise minutiae of the fish with detail paint brushes. All of the aforementioned steps are performed in an effort to make the finished illustration as realistic as possible.

16. At times, JQW has taken artistic liberties with certain aspects of the fish when the anatomy is distorted in the photographs. He has taken creative license with certain body parts, including body and tail length in order to depict the fish "in action," swimming in freshwater. Additionally, he has taken creative license in illustrating water/splash effects to artistically demonstrate the fish jumping from the water.

17. JQW's artwork has been painstakingly created, with each minute detail being depicted precisely in the artwork.

18. JQW estimates that he has spent hundreds of hours painting a single one of his fish illustrations, touching each individual painted scale with a paintbrush between three and five times.

19. JQW's artwork is very valuable, as there are not many artists painting freshwater fish, and even fewer creating works with the type of detail used by Defendant.

20. Because of Wright's unique talents, and painstaking attention to detail, his artwork is highly pursued and often misappropriated.

21. Wright's success as a wildlife illustrator has been dependent on experience, patience, and dedication. Each of his paintings is built on his talent and 40 years of expertise.

22. Upon information and belief, Arcade CoC has been in business for approximately 68 years.

23. Upon information and belief, Arcade CoC is a regional chamber of commerce that organizes a variety of events and marketing opportunities for local businesses, and otherwise exists to promote economic activity for the region, its constituent businesses, and the general population.

24. Upon information and belief, Arcade CoC organized, sponsored, and/or presented a fishing tournament, called the Tri-County Trout Derby, scheduled to be held April 4-5, 2020.

25. Upon information and belief, Arcade CoC regularly advertises via its own website, www.arcadechamber.org and via the social media site Facebook.

26. Upon information and belief, Arcade CoC created advertisements for its April 4-5, 2020 Tri-County Trout Derby bearing Plaintiff's Illustrations.

27. Upon information and belief, the aforementioned advertisements were published on the Arcade CoC's website and on the social media site Facebook. These infringing uses are annexed hereto as **Exhibit B.**

28.     Upon information and belief, local participants pay an entry fee in order to participate in the Tri-County Trout Derby tournament in order to gain the opportunity to win up to $1,000.00 in prize money, with $10,000.00 available to winning participants.

29.     Upon information and belief, the Tri-County Trout Derby tournament is financially sponsored by other businesses.

30.     A side-by-side comparison of JQW's copyrighted Rainbow Trout Illustration and the Bass Illustration water/splash element unlawfully used by Arcade CoC's within the advertisements for the Tri-County Trout Derby is directly below:

| RAINBOW TROUT ILLUSTRATION | ARCADE CoC's ADVERTISEMENT |
|---|---|
|  |  |

31.     It is obvious and apparent from the images above, that the actual fish from JQW's Rainbow Trout Illustration was used in Arcade CoC's advertisement, however the water/splash element from the Rainbow Trout Illustration was not.

32.     Instead, Arcade CoC unlawfully used the water/splash element from JQW's Bass Illustration.

33.     A side-by-side comparison of JQW's Bass Illustration and Arcade CoC's unlawful use thereof is shown below:

6



| JQW'S BASS ILLUSTRATION | ARCADE CoC's ADVERTISEMENT |

34. The allegations herein are made as to all uses that Defendant created, obtained, marketed, displayed, distributed or sold that incorporate the Works, and the use depicted above is only an exemplar.

35. Plaintiff is informed and believes and thereon alleges that Defendant had access to the Works, including, without limitation, through Plaintiff's website and social media accounts or by viewing the Works on third-party websites and magazines (e.g., Tumblr, Pinterest, etc.). The identicality of the Works to the infringing advertisement illustration also demonstrates access.

36. Upon information and belief, Arcade CoC manipulated, re-positioned, altered, distorted, edited and/or otherwise adapted the splash/water element from the Bass Illustration, combined it with the fish from the Rainbow Trout Illustration Legend and then subsequently used the unlawful reproduction/adaptation of Plaintiff's Works in its advertisements.

37. Upon information and belief, Arcade CoC used Plaintiff's Works on advertising without first determining whether the Illustrations were available for use.

38. Upon information and belief, Arcade CoC used Plaintiff's Works in connection with the marketing, advertising, and promotion of the Tri-County Trout Derby.

39. Upon information and belief, Arcade CoC used Plaintiff's Works in connection with promoting its events and its role within the community, thereby increasing its value to the community as a whole.

40. Defendant's advertisements contain unlawful reproductions and adaptations of Plaintiff's Works.

41. It is readily apparent that Arcade CoC had access to not one but two of Plaintiff's illustrations, taking the effort to manipulate and/or edit the Works to serve its financial and economic purposes.

42. Defendant engaged in all of the above-referenced behavior unlawfully, without the consent, knowledge, or authorization of Plaintiff.

43. Defendant willfully utilized the Works with blatant and reckless disregard for Plaintiff's rights in and to the Works by failing to ensure its use of the same was permissible and without first determining the owner of the Works.

44. Because of Defendant's infringement of Plaintiff's copyrights in and to the Works, Plaintiff has suffered significant damage, including without limitation, lost royalties and licensing revenue and dilution and diminishment of the value of the Works.

## COUNT I

### *(Copyright Infringement of Legend Series: Rainbow Trout)*

45. Plaintiff repeats, re-alleges, and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

46. Plaintiff is the sole owner of the Rainbow Trout Illustration and holds a valid copyright registration in accordance with the United States Copyright Act.

47. Plaintiff alleges on information and belief that Defendant had access to the Rainbow Trout Illustration through Plaintiff's website and social media accounts or by viewing the illustration on third-party websites and magazines, and continually used the illustration until at least April 4, 2020. The identicality of the copying also shows access.

48. The fish illustration depicted on Defendant's advertisement is identical to the fish depicted in Plaintiff's Rainbow Trout Illustration.

49. Plaintiff alleges on information and belief that Defendant copied the rainbow trout fish depicted in the copyrighted work and then subsequently created a directly infringing work and/or

derivative work from the Rainbow Trout Illustration and published said derivative work in the public for commercial purposes.

50. Due to Defendant's continuing acts of infringement, Plaintiff has suffered and continues to suffer general and special damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated works.

51. Due to Defendant's acts of infringement, Defendant has obtained direct and indirect profits that it would not otherwise have realized but for its infringement of Plaintiff's rights in and to the Rainbow Trout Illustration.  As such, Plaintiff is entitled to disgorgement of said profits directly and indirect attributable to Defendant's infringement in an amount to be established at trial.

52. Upon information and belief, Defendant has committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were willful, reckless and in blatant disregard of Plaintiff's rights. Such willfulness provides the basis on which Plaintiff seeks additional forms of relief, including without limitation, heightened statutory damages in the sum of up to $150,000 per infringement as contemplated under 17 U.S.C. § 504(c)(2).

53. In the alternative, Plaintiff seeks statutory damages under 17 U.S.C. §504(c)(1) for Defendants' negligent unauthorized use and copyright infringement of Plaintiff's Work.

## COUNT II
### *(Copyright Infringement of Legend Series: Bass)*

54. Plaintiff repeats, re-alleges, and incorporates by reference Paragraphs 1 through 45 of this Complaint as if fully set forth herein.

55. Plaintiff is the sole owner of the Bass Illustration and holds a valid copyright registration in accordance with the United States Copyright Act.

56. Plaintiff alleges on information and belief that Defendant had access to the Bass Illustration through Plaintiff's website and social media accounts or by viewing the same on third-party websites and magazines, and continually used the Illustration until at least April 4, 2020.  The identicality of the copying also shows access.

57. The water/splash element illustration depicted on Defendant's advertisement is identical to the water/splash element in Plaintiff's Bass Illustration, except that it has been flipped.

58. Plaintiff alleges on information and belief that Defendant copied the water/splash element from the Bass Illustration and then subsequently created a directly infringing work and/or derivative work from the Bass Illustration and published said derivative work in the public for the purposes of commercial advertising.

59. Due to Defendant's continuing acts of infringement, Plaintiff has suffered and continues to suffer general and special damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated work.

60. Due to Defendant's acts of infringement, Defendant has obtained direct and indirect profits that it would not otherwise have realized but for its infringement of Plaintiff's rights in and to the Bass Illustration. As such, Plaintiff is entitled to disgorgement of said profits directly and indirect attributable to Defendant's infringement in an amount to be established at trial.

Upon information and belief, Defendant has committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were willful, reckless and in blatant disregard of Plaintiff's rights. Such willfulness provides the basis on which Plaintiff seeks additional forms of relief, including without limitation, heightened statutory damages in the sum of up to $150,000 per infringement as contemplated under 17 U.S.C. § 504(c)(2).

61. In the alternative, Plaintiff seeks statutory damages under 17 U.S.C. §504(c)(1) for Defendants' negligent unauthorized use and copyright infringement of Plaintiff's Bass Illustration.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. that the Court enter judgment against Defendant setting forth that Defendant has infringed Plaintiff's federally registered copyright to both *Legend Series: Rainbow Trout* and *Legend Series: Bass*, as contemplated by 17 U.S.C. §501;

B. that Defendant and its respective agents, officers and servants be enjoined from importing, manufacturing, creating derivative works, publishing, displaying, distributing, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiff's copyrights in and to the Works;

C. impounding all unauthorized material that bears infringing copies of Plaintiff's Works in the possession or control of Defendant pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Works, pursuant to 17 U.S.C. §503(b);

D. that Plaintiff be awarded all profits of Defendant plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under 17 U.S.C. § 504(c);

E. that Plaintiff be awarded its attorneys' fees as available under 17 U.S.C. § 505;

F. that Plaintiff be awarded pre-judgment interest as allowed by law;

G. that Plaintiff be awarded the costs of this action; and

H. that Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff JQ Licensing, LLC hereby demands a trial by jury for all issues so triable pursuant to Fed.R.Civ.P. 38 and the 7th Amendment to the United States Constitution.

.

Respectfully submitted,

Date:  September 28, 2020

By:   /s/ Dmitry Lapin
Dmitry Lapin, Esq.
Danchuk Law LLC
244 Fifth Avenue, Suite E121
New York, NY 10001
Dmitry@emilyesquire.com
207-464-0099

*Attorney for Plaintiff Jon Q. Wright, d/b/a JQ Licensing, LLC*